BENJAMIN B. WAGNER
United States Attorney
SEAN C. FLYNN
MATTHEW D. SEGAL
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2771

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>            Plaintiff,        )<br>                              )<br>       v.                     )<br>                              )<br>FREDERICK SCOTT SALYER,       )<br>                              )<br>            Defendant.        )<br>_____) | CR. No. S-10-0061-LKK<br><br>**GOVERNMENT'S MOTION TO STAY ORDER FOR RELEASE OF DEFENDANT SALYER; [PROPOSED] ORDER** |

## MOTION

The United States, by and through its counsel of record, hereby respectfully requests the Court to stay its March 25, 2010 order of release with respect to defendant Salyer pending a likely appeal of the same by the United States to the Ninth Circuit Court of Appeals.

In the hearing this morning, the Court took defendant's Motion for Review of Magistrate Judge's Detention Order under submission. While indicating that it had reason to be concerned that defendant was a flight risk, the Court indicated that it was inclined, after consultation with Pretrial Services, to issue a written order releasing defendant subject to conditions. Thereafter, the Court issued its order that defendant be released upon tender of specified cash, property bonds and other conditions.

-1-

The government respectfully requests that the Court stay this order pending a likely government appeal. The United States Attorney's Office is taking steps to promptly decide whether it intends to appeal the order and file an appropriate notice of appeal under F.R.A.P. 4. As part of this process, this Office will need to consult with the Appellate Section of the Department and ultimately receive the approval of the Solicitor General to file the appeal. The United States has already commenced communications with the Appellate Section related to a potential appeal.

As the Court is aware, the Ninth Circuit has expedited procedures to review such appeals. See Ninth Cir. R. 9-1. Pursuant to those procedures, if the Solicitor General authorizes an appeal, the government will file its opening appellate brief within fourteen days of its notice of appeal and defendant will be obliged to file his responsive brief within 10 days thereafter. The Ninth Circuit can be expected, pursuant to its protocol, to promptly review and decide the matter thereafter.

This appeal raises the substantial legal issue of whether, under the Bail Reform Act, a district court can consider a defendant's "inability to adequately prepare a defense" and other trial preparation logistics. See, e.g., United States v. Hebroni, 2002 WL 200222, at *1 (2d Cir. Feb. 8, 2002) (vacating release order of district court where judge based decision, not on 3142(g) factors, but on fact that detention would "make it difficult for the defendant and her counsel to prepare for trial"); United States v. Joost, 42 F.3d 1384, 1994 WL 667011, at *5 (1st Cir. 1994) (finding

that the outright release of a defendant based solely on an inability to prepare for trial to be unwarranted).

The government continues to believe, for the reasons set forth in its previously filed submissions, that defendant is a serious flight risk, and that there is no condition or combination of conditions that will reasonably assure his future appearances. Detention on that basis, during the pendency of any appeal, is wholly appropriate to safeguard against the well-established and very significant risk of flight as to this defendant.

The issuance of a stay during the pendency of an appeal will not unduly prejudice defendant.  The Court has imposed conditions requiring defendant to post more than $6 million in secured assets, to submit to home detention and electronic monitoring, to submit to the custody of a third party custodian, among others.  A period of time will likely be necessary for the Pretrial Services Office to set up appropriate supervision including electronic monitoring. In addition, time will also be required for the defense to satisfy the bail conditions.  The government is advised by the defense that it intends to post the required cash and/or property on Friday, 26 March.  The government seriously questions whether the defense will be able to post acceptable cash and/or secured property in one day or even a matter of days.  Indeed, the principal asset that defendant has indicated will be posted is his former residence in Pebble Beach, California.  To the government's knowledge, that property is presently encumbered by a Lis Pendens.  That Lis Pendens, in the government's view, will need to be removed before

this property can appropriately be posted as security for defendant's release.  Moreover, should defendant wish to tender properties for consideration as part of a bail package, sufficient time will be needed so that appropriate documentation can be gathered and presented to the government and the Court to confirm: the value of the properties, the available equity in the properties, and that the Court will have an appropriately senior and secured interest in any such proposed properties.  In the meanwhile, arrangements have been made so that defendant, while incarcerated at the Sacramento Main Jail, will have adequate facilities and opportunity to confer with his counsel and begin preparations of his defense.

    In sum, for the reasons noted, the Court is respectfully requested to stay the order of release issued in this matter.[1]

Dated: March 25, 2010                    Respectfully submitted,

                                      BENJAMIN B. WAGNER
                                      U.S. ATTORNEY

                         by: /s/ Sean C. Flynn
                                      SEAN C. FLYNN
                                      MATTHEW D. SEGAL
                                      Assistant U.S. Attorneys

**ORDER**

    For good cause, the Court hereby STAYS its March 25, 2010 order

//

//

---

[1] If the Department determines that no appeal will be taken, the government will promptly advise the Court and defense counsel so that the stay may be lifted.

of release for defendant Salyer pending further order from this Court or from the Ninth Circuit Court of Appeals.

                                        LAWRENCE K. KARLTON
                                        Senior. U.S. District Judge