```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF CALIFORNIA

 3                            ---o0o---

 4    BEFORE THE HONORABLE LAWRENCE K. KARLTON, SENIOR JUDGE

 5

 6   UNITED STATES OF AMERICA,

 7         Plaintiff,

 8   Vs.                              CASE NO. CR. S-10-061 LKK

 9   FREDERICK SCOTT SALYER,

10         Defendant.

11   _____/

12

13

14

15                            ---o0o---

16

17                      REPORTER'S TRANSCRIPT

18                 THURSDAY, MARCH 25TH, 2010

19     RE:  FURTHER HEARING ON DEFENDANT'S MOTION FOR REVIEW

20                OF MAGISTRATE'S DETENTION ORDER

21

22                            ---o0o---

23

24

25   Reported by:                CATHERINE E.F. BODENE,
                                 CSR. No. 6926
```

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360

```
 1                           APPEARANCES

 2                             ---o0o---

 3


 4    For the Government:

 5            UNITED STATES ATTORNEYS OFFICE
              501 I Street, 10th Floor
 6            Sacramento, California  95814

 7            BY:  SEAN FLYNN,
                   Assistant U.S. Attorney
 8

 9


10

11    For the Defendant:

12            SEGAL & KIRBY LLP
              770 L Street, Suite 1440
13            Sacramento, California  95814

14            BY:  MALCOLM S. SEGAL,
                   Attorney At Law
15

16

17

18                             ---o0o---

19

20

21

22

23

24

25
```

```
                                                                    1
 1                    SACRAMENTO, CALIFORNIA
 2             THURSDAY, MARCH 25TH, 2010 - 9:15 A.M.
 3                           ---o0o---
 4          THE CLERK:  All rise.
 5          Court is in session with the Honorable Lawrence K.
 6   Karlton presiding.
 7          THE COURT:  Please, be seated everyone.
 8          Good morning.
 9          THE CLERK:  Calling Criminal Case S-10-061, United
10   States versus Frederick Scott Salyer.
11          MR. FLYNN:  Good morning, Your Honor.  Sean Flynn on
12   behalf of the United States.
13          MR. SEGAL:  Good morning, Your Honor.  Malcolm Segal
14   on behalf of the defendant.
15          THE COURT:  As you all have heard, Mr. Salyer is
16   apparently manifesting serious problems, and the Marshal is
17   having him checked by the doc at the moment to see what we
18   can do.
19          I am prepared to rule.  I understand -- if I'm wrong,
20   just tell me, Mr. Segal -- I understand that you're prepared
21   to go forward.  Is that right?
22          MR. SEGAL:  I am, Your Honor.
23          THE COURT:  Mr. Flynn, you're concerned about whether
24   or not the plaintiff will be -- must be present?
25          MR. FLYNN:  Yes, Your Honor.  We're looking at that
```

2

1    issue right now.

2        THE COURT:  We can proceed one of two ways.  I can
3    take the matter under submission.  I don't need any further
4    argument from either of you.  I know your positions.  I
5    respect them both, and I've got to do what I've got to do.

6        I can take the matter under submission and write an
7    order, which I'm going to do in any event.  Actually, I don't
8    think it necessary to proceed.  The more I think about it,
9    the simpler it is just to say that I'm taking the matter
10   under submission and be done with it.

11       MR. SEGAL:  Is the court prepared to give us an
12   indication of the direction you're proceeding in?

13       The reason why I ask that -- You understand why I'm
14   asking.

15       THE COURT:  I will tell you where I am.

16       The government's view is that many of my colleagues
17   -- or at least some of my colleagues have in the past said
18   that considerations of whether a defendant can defend himself
19   adequately while in prison are not to be considered because
20   they're not part of the Bail Reform Act's considerations.

21       And I know the government doesn't disagree with this.
22   Of course every court proceeding is governed ultimately by
23   the Constitution of the United States and the Due Process
24   Clause, and, in my view, in cases as extraordinary as this
25   one appears to be.

3

1            I mean, I have some doubt this case goes to trial
2    within the foreseeable future.  If there really are a million
3    documents out there, and somebody has got to look at them and
4    figure out whether any of them matter, we're going to be here
5    forever.
6            That's one concern.
7            And the question of the Bail Reform Act contemplates
8    speedy trial under the Speedy Trial Act.  I mean, that's
9    common sense.  This is a case where it is extraordinarily
10   difficult to believe that we're going to trial within 70
11   days.  The problem is whether we're going to trial within 70
12   months.  So we have that problem.
13           We have the problem of the defense.  And I commend
14   the government on its heroic efforts.  I would have bet you
15   couldn't do what you did, but I don't believe it is adequate.
16           I am faced with thus a very serous problem.  I have
17   reason to be concerned, just as Judge Brennan did, a
18   perfectly sensible human being and a sensible judge, that the
19   defendant is a flight risk.  But the question then becomes:
20   What do we do?  And the question is:  Are there conditions
21   which will reasonably assure -- reasonably assure the
22   defendant's presence?
23           And the court is of the view -- I'm going to consult
24   with Pretrial Services this morning, and I know they are very
25   concerned as well, as well they should be, but I'm going to

```
                                                                    4
 1    consult with Pretrial Services this morning and draft an
 2    order which will impose such conditions as I believe will
 3    reasonably assure the defendant's presence.
 4            I can't be certain, but nothing in this life is
 5    certain.
 6            MR. SEGAL:  That being said, Your Honor, I'm prepared
 7    to submit it.
 8            THE COURT:  All right.
 9            The matter will be taken under submission by the
10    court.  We don't have to drag the defendant back up.
11            All right.  Stand in recess.
12            MR. SEGAL:  Thank you, Your Honor.
13            THE COURT:  I will see Pretrial Services, please.
14            (Off the record at 09:20 AM.)
15                              ---o0o---
16
17
18
19
20
21
22
23
24
25
```

```
 1                    REPORTER'S CERTIFICATE

 2                          ---o0o---

 3
     STATE OF CALIFORNIA   )
 4   COUNTY OF SACRAMENTO  )

 5

 6
            I certify that the foregoing is a correct transcript
 7
     from the record of proceedings in the above-entitled matter.
 8

 9

10                IN WITNESS WHEREOF, I subscribe this
     certificate at Sacramento, California on this 25TH day of
11   MARCH, 2010.

12

13

14      /S/_Catherine E.F. Bodene_____
             CATHERINE E.F. BODENE, CSR NO. 6926
15           Official United States District Court Reporter

16

17

18

19

20

21

22

23

24

25
```

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360