```
BENJAMIN B. WAGNER
United States Attorney
SEAN C. FLYNN
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  2:10-CR-61 LKK |
| Plaintiff, ) | |
| ) | STATUS CONFERENCE STATEMENT OF |
| v. ) | THE UNITED STATES |
| ) | |
| FREDERICK SCOTT SALYER ) | |
| Defendant. ) | |

    The United States requests that the Court set three dates at tomorrow's status conference:  a date for discovery motions, a date for Rule 12 motions, and a status conference in one week.  On Tuesday, May 4, 2010, it is anticipated that there will be an appearance by attorneys of the Antitrust Division of the United States Department of Justice, and the United States will be ready to set a trial date.  Proceeding in this fashion will promote judicial economy and allow the parties best to allocate their resources at various times for discovery, motions practice, and trial preparation.

    There only needs to be one date for Rule 12 motions.  This is ordinary practice.  The Defendant has not been specific about the

bases for his anticipated motions to suppress searches and the wire tap, but it is expected that in both motions he will attack the underlying investigation and the facts relevant to the probable cause determinations.  It is also anticipated that the Defendant will seek a <u>Franks</u> hearing about the single FBI agent who served as affiant for the search warrants, wire applications, and complaint in this case. It would be most efficient for the Court and the advocates to address these overlapping, similar questions with one set of briefs and in one hearing, rather than piecemeal.

The United States requests four weeks to respond to the Defendant's Rule 12 motions.  This is not a simple case.  The searches and wire taps did not arise from a workaday investigatory stop or buy-bust operation.  Rather, in this case, the searches and wire taps were part of a multi-year investigation of a far-flung criminal conspiracy that involved at least eleven individual participants acting within the structure of at least one corporation. As is his right, the Defendant has not disclosed anything about the specific basis for his anticipated motions.  What is certain, however, is that in order to be helpful to the Court, the undersigned will need adequate time to prepare the United States' responses to these important motions.

                                      Respectfully submitted,

                                      BENJAMIN B. WAGNER
                                      United States Attorney

Date:  April 26, 2010       By:   /s/ Matt Segal
                                      SEAN C. FLYNN
                                      MATTHEW D. SEGAL
                                      Assistant U.S. Attorneys