```
1              IN THE UNITED STATES DISTRICT COURT
2            FOR THE EASTERN DISTRICT OF CALIFORNIA
3                          ---o0o---
4     BEFORE THE HONORABLE LAWRENCE K. KARLTON, SENIOR JUDGE
5
6    UNITED STATES OF AMERICA,
7          Plaintiff,
8    Vs.                            CASE NO. CR. S-10-061 LKK
9    FREDERICK SCOTT SALYER,
10         Defendant.
11   _____/
12
13
14
15
16                          ---o0o---
17
18                     REPORTER'S TRANSCRIPT
19                  TUESDAY, APRIL 27TH, 2010
20               RE:  FURTHER STATUS CONFERENCE
21
22                          ---o0o---
23
24
25   Reported by:              CATHERINE E.F. BODENE,
                               CSR. No. 6926
```

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360

```
 1                        APPEARANCES

 2                          ---o0o---

 3


 4   For the Government:

 5           UNITED STATES ATTORNEYS OFFICE
             501 I Street, 10th Floor
 6           Sacramento, California  95814

 7           BY:  SEAN FLYNN,
                  Assistant U.S. Attorney
 8

 9

10

11   For the Defendant:

12            SEGAL & KIRBY LLP
              770 L Street, Suite 1440
13            Sacramento, California  95814

14            BY:  MALCOLM S. SEGAL,
                   Attorney At Law
15

16

17

18                          ---o0o---

19

20

21

22

23

24

25
```

```
                                                                    1
 1                      SACRAMENTO, CALIFORNIA
 2              TUESDAY, APRIL 27TH, 2010 - 9:15 A.M.
 3                            ---o0o---
 4         THE CLERK:  Calling Criminal Case S-10-061, United
 5   States v. Frederick Scott Salyer.
 6         MR. FLYNN:  Good morning, Your Honor.  Sean Flynn on
 7   behalf of the United States.
 8         MR. SEGAL:  Good morning, Your Honor.  Malcolm Segal
 9   on behalf of the defendant who is present in court.
10         THE COURT:  Hang on a second, folks.  I want to be
11   sure I know what I'm doing.
12              (Brief pause.)
13         I have two documents, which were filed this morning,
14   and I would be less than frank if I didn't say I'm not sure
15   whether they match up or not.
16         You folks have been discussing the matter, I take it?
17         MR. SEGAL:  We did, Your Honor.  They don't match up.
18         THE COURT:  Okay.  And why don't they match?
19         MR. SEGAL:  We suggested a briefing schedule with
20   dates for responses.  The government doesn't want to set that
21   briefing schedule now, but if they do, they want a longer
22   time to respond.
23         We suggested two weeks and one week.  They wanted
24   four weeks.
25         MR. FLYNN:  Also, Your Honor, we wanted to -- The
```

2

1   defense intends to stagger his motions throughout the course
2   of the summer.  The government has, in its submission,
3   suggested the court set one date for all Rule 12 motions
4   because there are going to be common questions of law and
5   fact and the same affiant for all of those motions.  It
6   promotes judicial economy.
7            MR. SEGAL:  We have a reason for doing that.  I can
8   tell the court.
9            THE COURT:  It is obvious.  I mean, it is not
10  obvious, but it appears to me obvious because of the volume
11  of material and the volume of complicated problems, and they
12  have to be dealt with seriatim.
13           MR. SEGAL:  It is also we would like to attack the
14  Title III on Fourth Amendment grounds first before we get
15  into the technical grounds.
16           If the Fourth Amendment grounds are granted, there is
17  no reason to bother the court with all the technical grounds.
18  It's a question of saving time.
19           THE COURT:  I'm inclined to go along with the
20  defendant's schedule, providing the government with at least
21  another week.
22           I mean, all of this deals with where I am, which is
23  that Mr. Salyer is in jail and doing hard time really,
24  essentially, before he's ever been convicted.  But there is
25  nothing I can do about that.

3

1           The problem is -- Well, there is no point in
2  discussing it.  If you can come up with -- Look, before we
3  get to that problem, with the problem of setting this,
4  obviously the court has significant hesitancy by virtue of
5  Mr. Salyer's previous conduct as to whether or not he is a
6  flight risk.
7           I'm just going to say this.  I don't want a lot of
8  discussion -- any discussion.  Because of that, the court
9  established very stringent standards for the bail.  That has
10 not -- no fault of anybody's, just the real word -- that has
11 not been met.
12          The court does not intend to reconsider that unless
13 the defendant can come up with some standards for release
14 that will provide the court with sufficient support so as to
15 grant bail.
16          Having said that, among the things that the court
17 did was to attempt to obtain from the defendant the interests
18 of his kids because I don't think he would sacrifice them.  I
19 don't know that, but that's my judgment.  That apparently
20 can't be done because the lis pendens is suggesting perhaps
21 they don't even have an interest.
22          But it is that level of conditions that the court
23 really will require in order to let him out.  And that's not
24 to say that I don't recognize that this is impeding an
25 appropriate defense, but that's life.

```
                                                                     4
 1              Having said all of that, which is not relevant to
 2    this, but perhaps I didn't say it the last time you were
 3    here, and I just wanted to make it clear.
 4              I'm not telling you you can't do it.  I'm just
 5    telling you how hard it will be.
 6              Okay.
 7              It appears to the court that the suggestions by the
 8    defendant relative to the motion schedule is appropriate with
 9    the single difference being providing the government with an
10    extra week for each of the responses.
11              Mr. Segal, will you prepare a formal order
12    accordingly?
13              MR. SEGAL:  I will, Your Honor.
14              THE COURT:  The time between now and the first
15    motion -- I assume you need time to prepare, that's why the
16    motions are set ahead, correct?
17              MR. SEGAL:  I do.
18              THE COURT:  And the court will exclude time pursuant
19    to those provisions of the Speedy Trial Act relating to
20    reasonable time to prepare.
21              MR. FLYNN:  Your Honor, one final point.  As we
22    mentioned in our filing last night, the government fully
23    expects members of the Antitrust Division -- lawyers from the
24    department's Antitrust Division to be appearing in this case
25    within the next week.
```

```
                                                                    5
 1           Does the court want to set a further status for a
 2   week out?
 3           I guess the court has the option of arraigning
 4   Mr. Salyer on additional charges that may be returned.
 5           THE COURT:  Oh, I see.  Yes.  I suppose we'll do
 6   that.  Next week satisfactory?  Are you available?
 7           MR. SEGAL:  I am, Your Honor.
 8           MR. FLYNN:  Yes, Your Honor, 9:15 next Tuesday.
 9           THE COURT:  That will be the order.
10           MR. SEGAL:  Thank you, Your Honor.
11           THE COURT:  Defendant is remanded to the custody of
12   the marshal.
13           MR. FLYNN:  Thank you, Your Honor.
14           (Whereupon, the matter was concluded.)
15                            ---o0o---
16
17
18
19
20
21
22
23
24
25
```

```
 1                    REPORTER'S CERTIFICATE

 2                          ---o0o---

 3
     STATE OF CALIFORNIA  )
 4   COUNTY OF SACRAMENTO )

 5

 6
             I certify that the foregoing is a correct transcript
 7
     from the record of proceedings in the above-entitled matter.
 8

 9

10                  IN WITNESS WHEREOF, I subscribe this
     certificate at Sacramento, California on this 29TH day of
11   APRIL, 2010.

12

13

14      /S/_Catherine E.F. Bodene_____
              CATHERINE E.F. BODENE, CSR NO. 6926
15            Official United States District Court Reporter

16

17

18

19

20

21

22

23

24

25


              CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
                              (916) 446-6360
```