UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

FREDERICK SCOTT SALYER,

        Defendant.
                                    /

NO. CR. S-10-061 LKK

O R D E R

On June 17, 2010, defendant Frederick Scott Salyer applied for an order enjoining or staying discovery sought by the bankruptcy trustee in a parallel civil adversary proceeding pending before the Bankruptcy Court. Defendant argues that discovery in the civil case will interfere with the criminal matter. This argument was previously presented to and rejected by the bankruptcy court in a reasoned order. The bankruptcy court further refused to stay discovery pending appeal of that decision.

The instant application was filed in the above-captioned criminal proceeding. The bankruptcy trustee--who is apparently the

1

1  party sought to be enjoined--is not a party in the criminal matter.
2  It seems clear that the bankruptcy trustee should be entitled to
3  respond to the pending application.  The court therefore permits
4  the bankruptcy trustee, Bradley Sharp, to intervene in the above-
5  captioned matter for this limited purpose.  The court postpones
6  further decision regarding the trustee's legal status in this suit
7  or the propriety of defendant's request for an injunction against
8  a non-party.
9       Among the complained-of discovery is a subpoena duces tecum
10 issued to defendant's criminal defense counsel, set for 3:00 p.m.
11 on June 23, 2010.[1]
12      The court now stays the subpoena duces tecum pending
13 resolution of the defendant's motion.
14      Thus, the court orders as follows:
15 1.   All discovery in the bankruptcy case pertaining to
16      discovery directed to defendant's criminal counsel and
17      any deposition of defendant himself is stayed pending
18      further order of this court;
19 2.   The bankruptcy trustee may file a reply to defendant's
20      request for a stay not later than fifteen (15) days from
21      the date of this order.  The reply, if any, shall

---

[1] The trustee has also moved the bankruptcy court for leave to depose defendant himself.  Because defendant is in custody, deposition requires leave of the court under Fed. R. Civ. P. 30(a)(2)(B) and Fed. R. Bankr. P. 7030).  This motion remains pending and as such no deposition of defendant has been scheduled. The motion is noticed to be heard by the bankruptcy court on June 23, 2010.

       address whether the trustee may intervene in the criminal case for the purpose of opposing the request.

3. The United States Attorney may, if he chooses, file any response he feels appropriate not later than fifteen (15) days from the date of this order;

4. The defendant will have fifteen (15) days thereafter to respond;

5. A hearing is now set for August 3, 2010 at 9:15 a.m.

The clerk is directed to serve a copy of this order on the U.S. Bankruptcy Court and counsel for U.S. Bankruptcy Trustee Bradley Sharp, Gregory C. Nuti, Schnader, Harrison, Segal & Lewis, One Montgomery St., Suite 2200, San Francisco, CA 94104.

IT IS SO ORDERED.

DATED: June 18, 2010.

LAWRENCE K. KARLTON  
SENIOR JUDGE  
UNITED STATES DISTRICT COURT