IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,               CR. S-10-0061 LKK (GGH)

        vs.

ORDER

FREDERICK SCOTT SALYER,

        Defendant.

_____/

        Pursuant to order of the Honorable Lawrence K. Karlton, the parties shall appear at hearing before the undersigned to set forth their positions regarding the ability of defendant to process and organize the discovery produced to defendant so as to be able to set real dates in this case, including a trial date. The hearing date set is March 30, 2011 at 10:00 a.m. Prior to that date, and as ordered by Judge Karlton, defendant shall submit a declaration(s) which details the efforts utilized by defendant to organize the materials produced thus far. The declaration shall include any efforts to collect all the produced information into a usable data base. Defendant shall be prepared to demonstrate at hearing any system developed thus far. The declaration(s) shall be submitted on or before March 18, 2011.

        The United States shall respond to the declaration(s) no later than March 25, 2011. The United States shall be prepared to demonstrate in court the usability by defendant of

1

the electronically produced information, and any hard copy indexes which are appropriately made known at this time.

The parties shall discuss prior to the hearing the feasibility of creating a near universal document data base usable by both sides prior to and during trial. The discussion shall include the feasibility of placing all information produced either by the government or by defendant in a common, accessible by both sides, searchable format, and the ability to scan hard copy documents into that format. Cost sharing arrangements shall also be discussed. In order to alleviate claims of work product invasion, *all* documents produced thus far by either side for the other should be included in the data base.[1] The parties shall contemplate the addition of documents to the data base, either as supplemental discovery disclosures, or not otherwise required to be produced in discovery, as those documents are appropriately made known by one side or the other.

The parties shall discuss the setting of a document production deadline after which documents, required to be produced pre-trial to one side or the other, may not be utilized as evidence by the *defaulting* party absent good cause for late disclosure. Nothing about this deadline will relieve a defaulting party from complying with supplemental document disclosure, including Brady/Giglio obligations. In other words, there should be no eve-of-trial massive supplemental document disclosures.

DATED: March 10, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
salyer.dischrng

---

[1] The parties can stipulate, however, to not include certain documents or categories of documents.

2