BENJAMIN B. WAGNER
United States Attorney
R. STEVEN LAPHAM
MATTHEW D. SEGAL
JARED. C. DOLAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

RICHARD COHEN
ANNA T. PLETCHER
TAI S. MILDER
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California 94102
Telephone: (415) 436-6660

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:10-CR-61 LKK |
| Plaintiff, ) | |
| ) | ORDER REGARDING COMPUTATION OF |
| v. ) | TIME UNDER THE SPEEDY TRIAL ACT |
| FREDERICK SCOTT SALYER ) | |
| Defendant. ) | |

The Defendant made his first appearance in this District and was arraigned on February 26, 2010. (Dkt. No. 14.) Pursuant to the Speedy Trial Act ("STA"), trial was to commence within seventy days of that date, unless time was properly excluded from those seventy days. 18 U.S.C. § 3161(c)(1).

In this case, time has been properly and automatically excluded for all but the seven-day period between March 3, 2010

and March 11, 2010. This is chiefly because of the very active motions and appellate practice in this case. The filing of "any pretrial motion" automatically excludes time from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. See 18 U.S.C. § 3161(h)(1)(D); Henderson v. United States, 476 U.S. 321, 327 (1986). "[T]he filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." United States v. Tinklenberg, 131 S.Ct. 2007, 2010 (May 26, 2011).

The Magistrate considered the Government's detention motion between February 26, 2010 and March 3, 2010. (Dkt. Nos. 14, 24.) Then, there were pending motions related to the Defendant's detention or release between March 11, 2010, when the Defendant filed his Motion to Reconsider with this Court, and April 13, 2011, when this Court denied the Defendant's application for release upon posting of the residence that was burdened by a lis pendens. (Dkt. Nos. 35, 65.)

Time is also excluded for delay resulting from "any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(C). This exclusion basis also applies automatically. See, e.g., United States v. Pete, 525 F.3d 844, 848 (9th Cir. 2008). Appeal of a detention order is an interlocutory appeal under this subsection. See United States v. Davenport, 935 F.2d 1223, 1230 (11th Cir. 1991); United States v. Hawkins, 788 F.3d 200, 202-203 (4th Cir. 1986). The Defendant's appeal of this Court's release conditions was pending from when the Defendant filed his Notice of Appeal on April 13, 2011 to when the Ninth Circuit issued its Mandate on

August 11, 2011.  (Dkt. No. 77, 198.)[1]

At times, this Court has made excludable time findings that overlapped with the various periods automatically excluded for pending motions and appeals.  (Dkt. Nos. 86, 106, 123, 203.)  The primary basis for these "ends of justice" continuances has been the Court's cognizance of the very substantial volume and special character of the discovery in this case.  Thus, the Court found that the period April 13, 2010 to April 27, 2010 should be excluded from calculation under the STA based on the Court's finding that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  This case was found to be so unusual and complex, do the nature of the prosecution, that it was unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by the STA.  18 U.S.C. § 3161(h)(7)(B)(ii).  What the Court knew about the search warrants, Title III applications, volume of evidence, electronic format for some of the seized evidence, and nature of the charges made it necessary to exclude time for this period.

The Court also found that the period April 27, 2010 to August 17, 2010 was excludable based on its finding that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial.  18

---

[1] Other motions created independent, overlapping periods of exclusion during this time.  The most substantial overlapping exclusion periods were those created by the Defendant's discovery motion, the Government's motions to reconsider, and the Government's motion concerning the Defendant's recorded jail conversations.  (See, e.g., Dkt. Nos. 108, 129, 132, 133, 181.)

U.S.C. § 3161(h)(7)(A).  This was based on the Court's finding that although the case might not be so complex as earlier found, failure to exclude time would have denied counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).  As already explained, this continuance was appropriate "in order to permit defense counsel to evaluate the voluminous discovery and prepare motions."  (Dkt. No. 203 at 2.)

On July 20, 2010, the Defendant filed his Motions to Suppress. (Dkt. Nos. 141-170.)  This automatically tolled time under the STA.  18 U.S.C. § 3161(h)(1)(D).  Most of those motions are still pending and time is still excluded.

DATE: September 26, 2011

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT