1  BENJAMIN B. WAGNER
   United States Attorney
2  R. STEVEN LAPHAM
   MATTHEW D. SEGAL
3  JARED. C. DOLAN
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, California  95814
5  Telephone: (916) 554-2700

6  RICHARD COHEN
   ANNA T. PLETCHER
7  Trial Attorneys
   U.S. Department of Justice
8  Antitrust Division
   450 Golden Gate Avenue, Room 10-0101
9  San Francisco, California 94102
   Telephone: (415) 436-6660

10

11                IN THE UNITED STATES DISTRICT COURT
12
               FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14
   UNITED STATES OF AMERICA,      )  CASE NO. 2:10-CR-61 LKK - GGH
15                                 )
                  Plaintiff,       )
16                                 )
   v.                              )  MEMORANDUM IN OPPOSITION TO
17                                 )  MOTION TO REQUIRE DISCLOSURE OF
   FREDERICK SCOTT SALYER         )  RULE 404(b) EVIDENCE
18                                 )
                  Defendant.       )
19 _____)

20      This is an appropriate case for the Court to exercise its

21 discretion to impose a specific deadline for any Rule 404(b) notices.

22 But the deadline should comport with ordinary practice.  A thirty-day

23 deadline would be entirely reasonable in a complex white collar case

24 in which there are no complex issues of suppressed evidence or

25 translation.  United States v. Stein, 424 F.Supp.2d 720, 727-728

26 (S.D.N.Y. 2006) (thirty days in complex criminal tax shelters case

27 with eighteen defendants).  None of the cases the Defendant relies on

28 support the kind of early deadline he proposes.  See United States v.

                                 1

Reddy, 190 F. Supp. 2d. 558, 576 (45 days); United States v. Nachamie, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000) (30 days); United States v. Livoti, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998) (45 days). After all, two weeks' notice "typically comports with evidentiary rules." United States v. Groezinger, 625 F.Supp.2d 145, 159 (S.D.N.Y. 2009).

Sixty days' notice seems to be the outer limit even in the most complicated cases. See, e.g., United States v. Jack, 257 F.R.D. 221, 234 (E.D. Calif. 2009) (sixty days prior to trial ordered in a case involving charge of conspiracy to overthrow foreign government and recordings in a rare foreign language); United States v. Vilar, 530 F.Supp.2d 616, 640 (S.D.N.Y. 2008) (sixty days in complex securities fraud prosecution where court had ordered some evidence suppressed and defendants needed time to move to suppress potential "other acts" evidence as derivatively tainted).

At this writing, the litigants do not even know what, if any, evidence will be suppressed. The trial date is over five months off. The Government requests that the Court deny the Defendant's motion at this time, and, then, after it decides the suppression motions, hold a status conference to set all of the remaining pretrial deadlines in the case. In addition to the things the Defendant seeks, there should also be a deadline for reciprocal discovery, inspection of any third-party material subpoenaed for return prior to trial, exchange

///
///
///
///
///

of Rule 1006 summaries, and filing of motions in limine.  It suits everyone for the Court to set all of these pre-trial deadlines at once, when everyone can see how they affect one another and the parties' trial preparation schedules.


                                    Respectfully Submitted,
                                    BENJAMIN B. WAGNER
                                    United States Attorney

Date:  October 28, 2011        /s/ Matt Segal
                          By:  R. STEVEN LAPHAM
                               MATTHEW D. SEGAL
                               JARED C. DOLAN
                               Assistant United States Attorneys