BENJAMIN B. WAGNER
United States Attorney
R. STEVEN LAPHAM
MATTHEW D. SEGAL
JARED. C. DOLAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

RICHARD COHEN
ANNA T. PLETCHER
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California 94102
Telephone: (415) 436-6660


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:10-CR-61 LKK - GGH |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN OPPOSITION TO |
| v. | ) | MOTION FOR BILL OF PARTICULARS |
| | ) | |
| FREDERICK SCOTT SALYER, | ) | Date: November 29, 2011 |
| | ) | Time: 2:00 p.m. |
| Defendant. | ) | Court: Hon. Gregory G. Hollows |

## I.   INTRODUCTION

The Defendant does not need a bill of particulars.  "[T]he indictment is fairly specific with respect to what is being charged." (Apr. 18, 2011 F&R's, Doc. No. 303, at 12, adopted in full, Doc. No. 309.)  The Government "has gone the extra mile in supplying Salyer part of its work product in terms of exhibits to be used at trial and re-creation of SK computer systems." (Id. at 7.)  Even with respect to the antitrust counts, the Defendant well knows what to expect of the Government's case.  That is because he does not just have Rule 16

1

discovery.  He has all of the memoranda of interview and their
evidentiary attachments.

The state of discovery is an important factor in whether to
grant a bill of particulars.  But at this writing, it does not appear
that new counsel have made use of the re-created AAS system.
Further, new counsel have spent less time at the FBI than the Court
has.  That is no record upon which to claim the Government's case is
a mystery.  It is also no record upon which the Defendant can make
the necessary showing of good cause for the very late filing of his
motion.

## II.  LEGAL STANDARD FOR A BILL OF PARTICULARS

Rule 7(f) authorizes the Court to direct the filing of a bill of
particulars.  Fed. R. Crim. P. 7(f).  However, if the request is made
more than fourteen days after arraignment, the Court need not even
reach its merits absent a showing of good cause for the delay.  Id.;
United States v. McKay, 70 F.Supp.2d 208, 211 (E.D.N.Y. 1999); United
States v. Chan, 2008 WL 5233585, *1 (E.D. Cal.).  Even if timely
requested, a bill of particulars is only required where necessary to
provide sufficient information to the defense.  The decision whether
to grant a request for a bill of particulars is directed to the
court's discretion.  United States v. Long, 706 F.2d 1044, 1054 (9th
Cir. 1983).

The purpose of a bill of particulars is to apprise the defendant
of the specific charges being presented to minimize the danger of
surprise at trial, aid in preparation, and protect against double
jeopardy.  Long, 706 F.2d at 1054.  In determining whether to grant a
motion for a bill of particulars, therefore, a court considers
whether the defendant has been adequately advised of the charges

"through the indictment and all of the disclosures made by the government." Id.  Full discovery will "obviate the need for a bill of particulars." Id.; United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

Importantly, a bill of particulars is not meant to serve as a discovery tool:

> a bill of particulars is not meant to provide the defendant with all of the evidence that the government will introduce at trial.  Instead, the goal of a bill of particulars is satisfied if the defendant is aware of "the theory of the government's case."

United States v. Middleton, 35 F.Supp.2d 1189, 1192-93 (N.D. Cal. 1999) (quoting United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986)); Giese, 597 F.2d at 1181.  Accordingly, requests for specifics regarding the beginning or end of a conspiracy, or overt acts within a conspiracy, are not proper grounds for a bill of particulars. Giese, 597 F.2d at 1181 ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."); United States v. DiCesare, 765 F.2d 890, 897 (9th Cir.), amended on other grounds 777 F.2d 543 (1985) ("DiCesare and Flannery requested a bill for three reasons: (1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity.  These reasons, however, do not warrant a bill of particulars.").

It is not appropriate to order particulars in too fine detail because the prosecution is required to adhere at trial to answers filed in response. United States v. Haskins, 345 F.2d 111, 114 (6th

3

1  Cir. 1965); <u>United States v. Murray</u>, 297 F.2d 812, 819 (2d Cir.

2  1962); <u>United States v. Neff</u>, 212 F.2d 297, 309 (3d Cir. 1954).

> [H]e who has furnished the bill of particulars . . . must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration.  Otherwise stated, a bill of particulars strictly limits the prosecution to proof within the area of the bill.

7  <u>Neff</u>, 212 F.2d at 309.  Such disclosures can prevent the orderly and

8  proper development of the government's evidence during trial and

9  restrict the Government's ability to answer defenses.[1]  "A bill of

10  particulars should not be used to . . . force detailed disclosure of

11  acts underlying a charge, or to restrict the Government's proof at

12  trial."  <u>United States v. Mannino</u>, 480 F.Supp. 1182, 1185 (S.D.N.Y.

13  1979).

14  **III. THIS COURT'S DISCOVERY RULING**

15       The Defendant's Memorandum in Support of Motion for a Bill of

16  Particulars ignores what this Court found:  the indictment is

17  specific, the seized records are "meticulously organized," the

18  mold/mislabeling binders "constitute the heart of the government's

19  fraud case," and the re-created AAS system is "very useful."  (F&R's

20  at 5,6,7.)  The District Court adopted those F&R's, which make

21  exactly the findings necessary to deny a motion for a bill of

22  particulars:  specific allegations and full discovery.  <u>See</u>, <u>e.g.</u>,

23  <u>United States v. Cadena</u>, 2008 WL 2557948 (E.D. Cal.).  In this case,

24  the Defendants have even more than full discovery.  They have the AAS

25  system, the binders, and all of the interviews to see what is

26

27

28       [1]The Government has still not received even one page of reciprocal discovery.

4

1   important.

2       Nothing has transpired since this Court's two-day review of the

3   discovery such that there would be good cause to excuse the late

4   filing of a request for a bill of particulars.  Indeed, the only

5   thing that has changed is that the Defendant is no longer claiming to

6   lack resources:

7       [The Defendant] has engaged KVN [Keker & Van Nest] as <u>additional</u>
        counsel to assist him with his criminal defense.  KVN's sixty-
8       plus attorneys and its support staff would add substantial
        resources to his current legal team, the excellent four-attorney
9       firm Segal & Kirby. . . [T]he KVN website touts the firm's
        specialty in complex, criminal anti-trust cases.
10

11  (Aug. 19, 2011 Order Denying Motion to Disqualify, Doc. No. 370, at

12  5) (emphasis in original).

13      To read the Defendant's brief, one would never know of the

14  extraordinary amount of work that went into informing him of the

15  charges and evidence back when he was averring that he was without

16  resources.  The Court will recall that last spring, the Defendant

17  persistently claimed to this Court that his lack of resources

18  required that the Government carry the cost of his information

19  processing.  After careful consideration and its own research, the

20  Court invited Salyer to make a CJA request.  (F&R's at 17.)  The

21  Defendant then retained KVN.

22      The Defendant cannot make a good cause showing when he does not

23  even acknowledge the record.  See <u>Chan</u>, 2008 WL 5233585, *1 (E.D.

24  Cal.) ("The Court was expecting to find out in the moving papers

25  whether or not there was some valid reason for the extraordinary

26  delay in filing this instant motion [for a bill of particulars].  No

27  explanation accompanied the motion.").  Obviously, a reply brief is

28  no place to make that preliminary showing.  See, <u>e.g.</u>, <u>United States</u>

1  v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts

2  generally decline to consider arguments raised for the first time in

3  a reply brief).

4  **IV.   REQUESTED PARTICULARS**

5       Mislabeling allegations

6       The indictment, together with the mold and mislabeling binders,

7  the AAS system, and the interview reports from the people who

8  directly carried out the falsifications are more than enough for the

9  Defendant to comprehend the nature of the mislabeling allegations.

10 It is not a function of a bill of particulars to make a small case

11 out of a large one or simply create "make work" for the Government.

12       a.   "All documents and false statements"

13       Fundamentally, this is a discovery request not a proper purpose

14 for a bill of particulars in the Ninth Circuit.  "The government

15 should not be compelled by a bill of particulars to make a 'complete

16 discovery' of its entire case." Nye & Nissen v. United States, 168

17 F.2d 846, 851 (9th Cir. 1948).  It also betrays a misunderstanding of

18 the extraordinary steps the Government has taken to assist the

19 defense in this case.  As the Court directly witnessed when it

20 reviewed evidence over two days with the parties, the AAS system

21 contained a "Relabel Register" that documented each instance that a

22 tomato paste bin label was changed and how it was changed.  The FBI

23 has re-created and delivered to the defense the AAS system, which can

24 be viewed and searched.  (F&R's at 6.)  Data from this register has

25 also been printed out in the binders that are "the heart of the

26 government's fraud case."  (Id.)  This case is thus nothing like

27 United States v. Bortnovsky, 802 F.2d 572, 574 (2d Cir. 1987), a case

28 in which the government "proceed[ed] furtively" and the defense was

6

1  left "unguided" in a mass of documents even at trial.[2]  Here, the

2  Relabel Register and binders provide excellent guidance.  But it

3  seems that the defense has not made use of their re-created AAS

4  system.  They should.

5      b.   "Specify all Victims"

6      The AAS system can also print a customer list.  According to the

7  AAS system, SK Foods had about 400 customers.  It was SK Foods's

8  practice to send out mislabeled and/or adulterated product whenever

9  convenient, regardless of customer.  Thus, all SK Foods customers

10  were victims.  This evidentiary detail is easy to find in the

11  discovery.

12      c.   "Food regulations"

13      The indictment specifically cites certain food regulations.  The

14  Government anticipates proving that whether food was compliant with

15  regulations was material to SK Foods's customers.  Whether a jury

16  instruction will be necessary will depend on whether that is a matter

17  contested by the defense and whether the evidence is clear for the

18  jury.  The Defendant has not cited any case for the proposition that

19  jury instructions are a proper subject for a bill of particulars.

20  That may be because the two procedural steps are covered by

21  completely different rules.  Compare Fed. R. Crim. P. 7(f) with Fed.

22  R. Crim. P. 30.  In this case, as in every other in this District, it

23  is anticipated that the district court will set a deadline for both

24  sides to submit jury instructions and then, at the close of evidence,

25  there will be a charge conference to discuss which instructions have

26

27      [2]The holding in Bortnovsky is inconsistent with the Ninth Circuit
    authority set forth above, but the Court need not reach this given the
28  facts.

support in the record.  <u>See</u> Fed. R. Crim. P. 30.  "[T]he formulation

of jury instructions in a criminal case is an interactive process"

between the parties and the trial court.  <u>United States v. Paniagua-</u>

<u>Ramos</u>, 251 F.3d 242, 245 (1st Cir. 2001).  Right now the Government

does not know what matters will be contested at trial.  Indeed, the

Government has not received any reciprocal discovery at all.

### Bribery Allegations

This is a classic request for evidentiary detail not proper

matter for a bill of particulars.  According to correspondence from

SK Foods at the time when Salyer controlled it, Rahal was on the SK

Foods board of directors when Rahal was bribing people to advance the

interests of SK Foods.  (<u>See</u>, <u>e.g.</u>, May 27, 2008 Gordon & Reese Ltr.

to Anne Pings, C.R. 189, Ex. 2. at 4.)

### Antitrust Allegations

These are classic requests for evidentiary detail.  The answers

to these mysteries are in the interview memoranda of the Defendant's

antitrust co-conspirators, which were disclosed in early 2010.

Rather than file more paper, the Government requests that the Court

review the attachments to its Memorandum in Opposition to Motion to

Sever.  (Doc. No. 420.)  The interview memoranda in the discovery are

astonishing in their detail.  Just as one example, Rahal's account of

the antitrust violations runs between pages nine and twenty.  (<u>Id.</u>,

Ex. A.)  It is broken down by customer and references by bates number

which documents are relevant to the narrative.  (<u>Id.</u>)  These are

examples of how very specific the Government has already been with

respect to disclosing the anticipated testimony of its witnesses.

For the Defendant to say that he does not know what is coming is just

not serious in light of these lengthy, detailed interview reports

1   that he has had for over a year.

2   **V.    CONCLUSION**

3          Salyer "misconstrues the purpose of the bill of particulars. A

4   defendant is not entitled to know all the <u>evidence</u> the government

5   intends to produce but only the <u>theory</u> of the government's case."

6   <u>Ryland</u>, 806 F.2d at 942.  Further, "He is not entitled to know the

7   content of the testimony of each of the government witnesses before

8   trial."  <u>Id.</u>  But here, the Defendant actually has a pretty fine idea

9   of the charges, the documentary evidence, and the anticipated

10  testimony.  That is already more than he is entitled to.  Under these

11  circumstances, eighteen months after indictment, and before the

12  Defendant has disclosed even a page of reciprocal discovery, the

13  Court should not order a bill of particulars to confine the

14  Government's presentation of the case it has extensively disclosed.

15

16                                      Respectfully Submitted,
                                        BENJAMIN B. WAGNER
17                                      United States Attorney

18  Date:  November 4, 2011        /s/ Matt Segal
                                By: R. STEVEN LAPHAM
19                                  MATTHEW D. SEGAL
                                    JARED C. DOLAN
20                                  Assistant United States Attorneys

21

22

23

24

25

26

27

28

                                    9