1  KEKER & VAN NEST LLP
   JOHN KEKER, #49092
2  ELLIOT R. PETERS, #158708
   BRIAN L. FERRALL, #160847
3  633 Battery Street
   San Francisco, CA 94111-1809
4  Telephone:    415 391 5400
   Facsimile:    415 397 7188
5
   SEGAL & KIRBY LLP
6  MALCOLM S. SEGAL - #075481
   770 L Street, Suite 1449
7  Sacramento, CA  95814
   Telephone: (916) 441-0828
8  Facsimile: (916) 446-6003

9  Attorneys for Defendant
   FREDERICK SCOTT SALYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>FREDERICK SCOTT SALYER,<br><br>         Defendant. | Case No. 2:10-CR-0061-LKK (GGH)<br><br>**OPPOSITION TO MOTION FOR RECIPROCAL DISCOVERY**<br><br>Date:       March 16, 2012<br>Time:      10:00 a.m.<br>Judge:     Hon. Lawrence K. Karlton<br><br>Date Comp. Filed:  February 18, 2010<br>Trial Date:              April 17, 2012 |

On March 2, 2012, the United States filed another motion for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure [Dkt. 470]. The government previously has raised this same issue before the Court [Dkt. 325] and has repeatedly raised it informally with defense counsel. Defendant Salyer's response has been consistent:

Under Rule 16(b)(1)(A), a defendant is required to disclose reciprocal discovery, upon request, "if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). This duty to disclose—like the government's own duty to disclose—is a continuing one. Fed. R. Crim. P. 16(c). Salyer does not currently have any discovery within his possession, custody, or control that has not already been produced in this litigation and that he intends to use during his case-in-chief at trial. Given his continuing duty to produce reciprocal discovery, however, should any evidence that Salyer intends to use in his case-in-chief come into his custody or control, he will disclose it to the government.

The government attempts to use Salyer's Rule 17(c) subpoenas as a sword, arguing that Salyer either must have received evidence for use in his case-in-chief from those subpoenas or must have misled the Court in applying for them, since "the Defendant had to demonstrate that he sought early return of records for his case-in-chief, rather than for impeachment." *See* Dkt. 470 at 2. The government's argument, however, assumes too much. As Salyer stated in his opposition to third party Morning Star's motion to quash—and as the government reminded the Court in its motion—the documents Salyer has subpoenaed from Morning Star are not being sought for impeachment. *See* Dkt. 467 at 14. That does not necessarily mean that the documents Salyer seeks from Morning Star—nor the document he has sought or received through other subpoenas—will be presented through Salyer's case-in-chief. For example, the defense may present evidence through witnesses called in the government's case-in-chief, other than as impeachment, and Salyer has no duty to disclose any evidence that he intends to use in such a manner. *See* Fed. R. Crim. P. 16(b)(1)(A) (requiring disclosure only of evidence the defendant intends to "in the defendant's case-in-chief at trial") (emphasis added).

Moreover, without knowledge of what evidence the government intends to offer in its

case in chief, nor what witnesses the government will present, Salyer cannot currently identify the witnesses or evidence he will present in his case-in-chief. Nevertheless, if Salyer becomes aware of any evidence that he will use in his case-in-chief, he will comply with the law and will disclose that evidence to the government in a timely manner.

Based on Salyer's good faith intent to comply with his obligations to disclose reciprocal discovery when and if he identifies it, and based on his representation that he does not currently have any such reciprocal discovery to disclose, the Court should deny the government's motion.

Dated: March 9, 2012

Respectfully submitted,
KEKER & VAN NEST LLP

*/s/ John Keker*
By: JOHN KEKER
ELLIOT R. PETERS
BRIAN L. FERRALL

Attorneys for Defendant
FREDERICK SCOTT SALYER