IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

  Plaintiff,        No. 2:10-cr-0061-LKK

  vs.

FREDERICK SCOTT SALYER,    <u>ORDER</u>

  Defendant.

            /

On October 1, 2012, non-party Lynne Salyer filed a motion for reconveyance, requesting "an order declaring null and void three deeds of trust recorded against the property commonly known as 3903 Ronda Road, Pebble Beach, California (Monterey County, California, Assessor's Parcel Number 008-234-041-000) to the benefit of the district court and the clerk of the district court on March 29, 2010 (Monterey County, California, Recorder's Document numbers 2010017263, 2010017264 and 2010017265), ordering them cancelled and extinguished, instructing the Trustee of the three deeds of trust to reconvey them, and directing the clerk of the court also to so instruct the Trustee."[1]  Dckt. No. 503.  The government does not oppose the request and defendant has taken no position regarding the request.  *Id.* at 2; Dckt. No. 506 at 2.

---

[1] The motion was noticed for hearing on October 17, 2012, but the hearing was vacated. Dckt. No. 507.

1

1     Ms. Salyer contends that defendant caused the three deeds of trust at issue to be recorded
2 after this court signed a release order requiring defendant to post a $300,000 cash bond and
3 either to (1) sign a personal surety bond secured by his interest and the interests of his daughters'
4 trusts in the Ronda Road Property, or (2) post as security at least $5,700,000 secured by property
5 owned by friends, family, or neighbors. Dckt. No. 503 at 2 (citing Dckt. No. 48 at 3-4 and Dckt.
6 No. 62 at 1-2). Ms. Salyer notes that although "the Ronda Road property is not being used – and
7 was never used – to secure Defendant's release, and the deeds of trust to the benefit of the
8 district court and the clerk of the district court were prematurely and unnecessarily recorded,"
9 the deeds "continue to cloud title to the Ronda Road property and frustrate Ms. Salyer's efforts
10 to enforce [a] judgment of the Monterey County Superior Court [which found that Ms. Salyer is
11 entitled to past due amounts from defendant in a sum of over $10 million and which set aside
12 defendant's transfers of the Ronda Road property to his daughters' trusts as legal nullities]." *Id.*
13 at 3-4. Therefore, Ms. Salyer requests that the court enter an order (1) declaring the deeds of
14 trust null and void as of the date of their recording, (2) cancelling and extinguishing them, (3) as
15 a beneficiary of the deeds of trust, requesting the trustee to issue reconveyances to be recorded in
16 the Monterey County Recorder's Office, and (4) directing the clerk of court, as the other
17 beneficiary, to also direct the trustee to issue reconveyances of the deeds of trust to be recorded
18 in the Monterey County Recorder's Office. *Id.* at 4.

19     However, Ms. Salyer does not explain why this court has jurisdiction to grant her the
20 relief she requests. *See United States v. Arnaiz*, 842 F.2d 217, 219-22 (9th Cir. 1988); *see also*
21 *United States v. Badger*, 930 F.2d 754 (9th Cir. 1991); 28 U.S.C. § 1352; Fed. R. Crim. P. 46(g).
22 Ms. Salyer also does not explain why each of the four specific requests for relief is necessary,
23 nor does she provide any authority supporting a grant of such relief.[2]

---

25     [2] Ms. Salyer merely contends, without citation or adequate explanation, that "[u]nder
California law and real property secured transactions practice, instruments improperly recorded
26 against title must be 'cancelled' while improper deeds of trust are 'extinguished.' Because the

2

Therefore, IT IS HEREBY ORDERED that on or before October 31, 2012, Ms. Salyer shall file a supplemental brief addressing (1) the basis for this court's jurisdiction to grant the requested relief, and (2) the reasons why each of the four specific requests for relief is necessary and supported by proper legal authority. Any response to Ms. Salyer's brief shall be filed on or before November 7, 2012.

SO ORDERED.

DATED: October 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

Deeds of Trust in this case are both, the proposed order specifies that they are to be both 'cancelled' and 'extinguished.'" Dckt. No. 503 at 4, n.2.

3