IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                                      No. 2:10-cr-0061-LKK

      vs.

FREDERICK SCOTT SALYER,           ORDER

      Defendant.

                                /

On October 1, 2012, non-party Lynne Salyer filed a motion for reconveyance, requesting "an order declaring null and void three deeds of trust recorded against the property commonly known as 3903 Ronda Road, Pebble Beach, California (Monterey County, California, Assessor's Parcel Number 008-234-041-000) to the benefit of the district court and the clerk of the district court on March 29, 2010 (Monterey County, California, Recorder's Document numbers 2010017263, 2010017264 and 2010017265), ordering them cancelled and extinguished, instructing the Trustee of the three deeds of trust to reconvey them, and directing the clerk of the court also to so instruct the Trustee."[1] Dckt. No. 503. The government did not oppose the request and defendant took no position regarding the request. *Id.* at 2; Dckt. No. 506 at 2.

---

[1] The motion was noticed for hearing on October 17, 2012, but the hearing was vacated. Dckt. No. 507.

1

1          Ms. Salyer argued that defendant caused the three deeds of trust at issue to be recorded
2  after the court entered a release order requiring defendant to post a $300,000 cash bond and
3  either to (1) sign a personal surety bond secured by his interest and the interests of his daughters'
4  trusts in the Ronda Road Property, or (2) post as security at least $5,700,000 secured by property
5  owned by friends, family, or neighbors.  Dckt. No. 503 at 2 (citing Dckt. No. 48 at 3-4 and Dckt.
6  No. 62 at 1-2).  Ms. Salyer noted that although "the Ronda Road property is not being used – and
7  was never used – to secure Defendant's release, and the deeds of trust to the benefit of the
8  district court and the clerk of the district court were prematurely and unnecessarily recorded,"
9  the deeds "continue to cloud title to the Ronda Road property and frustrate Ms. Salyer's efforts
10 to enforce [a] judgment of the Monterey County Superior Court [which found that Ms. Salyer is
11 entitled to past due amounts from defendant in a sum of over $10 million and which set aside
12 defendant's transfers of the Ronda Road property to his daughters' trusts as legal nullities]." *Id.*
13 at 3-4.  For those reasons, Ms. Salyer requested that the court enter an order (1) declaring the
14 deeds of trust null and void as of the date of their recording, (2) cancelling and extinguishing
15 them, (3) as a beneficiary of the deeds of trust, requesting the trustee to issue reconveyances to
16 be recorded in the Monterey County Recorder's Office, and (4) directing the clerk of court, as
17 the other beneficiary, to also direct the trustee to issue reconveyances of the deeds of trust to be
18 recorded in the Monterey County Recorder's Office.  *Id.* at 4.

19         However, on October 17, 2012, this court's jurisdiction to enter an order declaring deeds
20 of trust null and void in the context of this action was unclear.  Accordingly, the undersigned
21 issued an order noting that Ms. Salyer had not yet explained the basis for this court's jurisdiction
22 to grant her the relief she requests and had not explained why each of the four specific requests
23 for relief is necessary, nor did she provide any authority supporting the relief sought.  Dckt. No.
24 509.  The court ordered a supplemental brief addressing (1) the basis for this court's jurisdiction
25 to grant the requested relief, and (2) the reasons why each of the four specific requests for relief
26 is necessary and supported by proper legal authority.  Any response to Ms. Salyer's brief was to

1  be filed on or before November 7, 2012.  *Id.*

2       On October 31, 2012, Ms. Salyer filed a supplemental brief, explaining that the court has
3  jurisdiction to exonerate a bond that is no longer in use to secure a defendant's release and that,
4  here, because the deeds of trust are not securing defendant's release, the court has the
5  jurisdiction and obligation to release them.[2]  Dckt. No. 510 at 3 (citing Fed. R. Crim. P. 46(g)).
6  Ms. Salyer also modifies the relief requested.  She now seeks only to have the court and the clerk
7  of court, as beneficiaries to each deed of trust, request Chicago Title Company, as trustee, to
8  issue and record full reconveyances.  *Id.* at 3-4.  As noted in the authorities cited in the court's
9  earlier order, there is clearly jurisdiction to order this more limited request.  *See United States v.*
10 *Arnaiz*, 842 F.2d at 219 (9th Cir. 1988) (*citing* 18 U.S.C. § 3149; Fed. R. Crim. P. 46(g) for
11 authority to exonerate bond upon the surrender of the defendant).

12      In light of Ms. Salyer's supplemental brief and revised request for relief, the motion for
13 reconveyance, Dckt. No. 503, should be granted.  Accordingly, the clerk of court is directed to
14 request full reconveyance of the three deeds of trust at issue herein (Monterey County,
15 California, Recorder's Document numbers 2010017263, 2010017264 and 2010017265).

16      SO ORDERED.

17 DATED:  November 15, 2012.

                                   EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Neither the government nor the defendant responded to Ms. Salyer's supplemental brief.

3