WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
MEGAN A. LEWIS (SBN 221263)
mlewis@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:   (916) 441-2430
Facsimile:   (916) 442-6664

Attorneys for Stefanie Gallegly and Caroline
Salyer, individually and as beneficiaries of the
SAS 1999 Trust and the CGS 1999 Trust

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK SCOTT SALYER,<br><br>Defendant. | Case No. 2:10-CR-00061 LKK<br><br>**STEFANIE GALLEGLY AND CAROLINE SALYER'S OPPOSITION TO UNITED STATES' RESPONSE TO ANCILLARY PETITIONS AND MOTION TO DISMISS**<br><br>Date:  April 9, 2013<br>Time:  9:15 a.m.<br>Courtroom: 4 - 15th Floor<br>Judge:  Hon. Lawrence K. Karlton |

Stefanie Gallegly and Caroline Salyer, individually and as beneficiaries of the SAS 1999 Trust and the CGS 1999 Trust (collectively referred to herein as the "Petitioners"), hereby oppose the United States' Response to Ancillary Petitions of Petitioners and the United States' Motion to Dismiss Under Federal Rule of Criminal Procedure 32.2(c)(1)(A). Petitioners request the Court deny the United States' Motion to Dismiss and grant Petitioners' request for discovery.

## I.
## INTRODUCTION

As alleged in the Petition, Petitioners are entitled to $1.2 million of the funds subject to this forfeiture action. In the consolidated bankruptcy cases of SK Foods, L.P. and RHM Industrial Specialty Foods, Inc. (the "Debtors"), the Bankruptcy Court approved the payment of $1,315,000

("Wastewater Order") to entities owned by Stefanie Gallegly and Caroline Salyer, individually and through their trusts ("Wastewater Affiliates"). In July 2009, the Chapter 11 Bankruptcy Trustee paid $1,315,000 to the Wastewater Affiliates (hereinafter referred to as "Wastewater Monies"). $1,200,000 of the Wastewater Monies can be traced to the bank accounts at Volksbank and Credit Andorra that are the subject of this forfeiture action (the "Forfeited Funds"). Petitioners' interest in a portion of these Forfeited Funds is superior to that of any other party.

## II.
## STANDARD OF REVIEW

A criminal forfeiture action wherein a third party has filed a claim constitutes an ancillary proceeding. (Federal Rule of Criminal Procedure 32.2(b)(2)(A)). In an ancillary proceeding, the court may, on motion, dismiss a petition for lack of standing, for failure to state a claim, or for any other lawful reason; however, for purposes of a motion to dismiss, the facts set forth in a petition are assumed to be true. (Federal Rule of Criminal Procedure 32.2(c)(1)(A)). "Criminal forfeiture proceedings generally utilize the Federal Rules of Civil Procedure to govern resolution of third party petitioner's claims, particularly with respect to discovery and motions to dismiss or for summary judgment. *See* Fed.R.Crim.P. 32.2, advisory committee's note to subsection (c) (2000). In considering a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." (*United States v. Power Co., Inc.*, 2008 WL 612207 at 5 (D. Nev. Feb. 28, 2008)(citations omitted)).

First, Petitioners have sufficiently alleged an interest and financial stake in the Forfeited Funds at this stage in the proceedings. Second, Petitioners also alleged sufficient facts to state a claim. There is a strong presumption against dismissing an action for failure to state a claim. (*See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "The issue is not whether the plaintiff ultimately will prevail, but whether he may offer evidence in support of his claims." (*United States v. Power Co., Inc.*, 2008 WL 612207 at 5 (D. Nev. Feb. 28, 2008) (citations omitted)). Petitioners request the Court deny the United States' Motion to Dismiss.

/ / /

/ / /

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

931625.1

-2-

OPPOSITION TO UNITED STATES' RESPONSE TO ANCILLARY PETITIONS AND MOTION TO DISMISS

# III.
# DISCUSSION

**A.  Petitioners Have Sufficiently Alleged Standing and the United States' Motion to Dismiss Should Be Denied.**

    1.  **Proper Burden of Proof Regarding Standing at the Pleading Stage.**

The United States attempts to place a much higher burden of proof on the Petitioners at this early pleading stage, which is inappropriate. In a petition contesting forfeiture, it is sufficient to allege the elements of Article III standing and statutory standing as Petitioners have done here. The Ninth Circuit has found that "to have standing to challenge a forfeiture, a claimant must allege that he has an ownership or other interest in the forfeited property….In order to contest a forfeiture, a claimant need only have some type of property interest in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest." (*United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir. 1994)(citations omitted)).

Further, Section 1963(l)(6)(A) of Title 18 of the United States Code provides that *at hearing*:

> the petitioner needs to establish by a preponderance of the evidence that the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

Petitioners were required to, and did, allege an interest in the Forfeited Funds. Another District Court has analyzed the Ninth Circuit Court's standing requirements at different stages in a forfeiture action. (*See generally*, *United States v. $57,790.00 in U.S. Currency*, 263 F. Supp. 2d 1239, 1241-1242 (S.D. Cal. 2003)). The Ninth Circuit Court found that the United States Supreme Court's decision in *Lujan* which discusses standing in various stages of litigation should be applicable in forfeiture cases.

> As the Supreme Court explained in *Lujan,* 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III' and, accordingly, the elements of standing "must be supported at each stage of litigation in the same manner as any other essential element of the case.' *Lujan,* 504 U.S. at 560, 561, 112 S.Ct. 2130. Thus, for example, although **at the motion to dismiss stage it is enough to allege the elements of standing**, at the summary judgment stage the party with the burden of demonstrating standing must demonstrate that there is a genuine issue of material fact as to the

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

931625.1

-3-

OPPOSITION TO UNITED STATES' RESPONSE TO ANCILLARY PETITIONS AND MOTION TO DISMISS

standing elements, and at trial standing must be proved by a preponderance of the evidence.

(*United States v. $57,790.00 in U.S. Currency*, 263 F. Supp. 2d 1239, 1242 (S.D. Cal. 2003) citing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Central Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002) (emphasis added)). These cases establish that at the petition stage, the Petitioners have to allege the standing elements and are not required to prove standing by a preponderance of the evidence as the United States argues.

The Ninth Circuit Court has further held that standing in a forfeiture action "turns upon whether the claimant has a sufficient interest in the property to create a case or controversy. *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir.2003). The claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake. *Id.*" (*United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004)).

Additionally, this Court has previously found that the initial pleading threshold burden in a forfeiture proceeding "is not rigorous." (*See United States v. Approximately $44,888.35 in U.S. Currency*, 385 F. Supp. 2d 1057, 1060 (E.D. Cal. 2005), citing *United States v. $4,224,958.57*, 392 F.3d 1002, 1005 (9th Cir.2004), quoting *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir.2003)). "A claimant need not prove the merit of his underlying claim. He must, however, be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement." (*Id.*, citing *United States v. $9,041,598.68*, 163 F.3d 238, 245 (5th Cir.1998)).

Here, the United States attempts to set a much higher standard in its Motion to Dismiss. As the cases cited above establish, Petitioners do not have to prove the merits of their underlying claim or prove standing by a preponderance of the evidence within their Petition. Rather, they need only to allege the elements of standing which in this case requires an interest in the Forfeited Funds. Petitioners understand that at trial they will need to prove by a preponderance of the evidence that they have standing and that their interests are superior.

2. **Petitioners Have Satisfied the Constitutional and Statutory Standing Pleading Requirements.**

Both Article III standing and standing under Section 1963(l) are satisfied here as Petitioners set forth facts alleging their interest in the Forfeited Funds. The United States liberally cites to California law asserting Petitioners lack standing because as members of a limited liability company they cannot assert any interest in property of the company. The United States asserts that Petitioners must prove that they are a "real party in interest" as defined by California law. As evidenced by the authority cited above, this is simply not the applicable standard that should be applied in a forfeiture action. Even if this were the standard, the United States incorrectly takes the position that a member of a limited liability would not have a claim. In contrast, California Corporations Code Section 17250 provides that a member who was entitled to a distribution from a limited liability company has the status of a creditor and is entitled to *all* rights and remedies available to a creditor of the limited liability company. (*See also, PacLink Communications Int'l, Inc. v. Superior Court*, 90 Cal. App. 4th 958, 965-966 (2001) wherein the Court, in dicta, indicates that although the complaint was not drafted properly because it was focused on the limited liability company, members could have individually pursued their rights as creditors of the limited liability company if they sued based on their entitlement to a distribution that was not made).

In addition to setting the bar higher than it should and applying a different standard, the United States raises several issues that are red herrings. First, is this notion that Petitioners only asserted a "past interest" and therefore do not have standing. The applicable criminal statute provides that a third party petitioner must establish that he or she had a right, title or interest in the forfeited property "at the time of the commission of the acts which gave rise to the forfeiture of the property". (18 U.S.C. § 1963(l)(6)(A)). The allegations within the Petition concerning timing of ownership of the relevant entities are simply framed in this manner to track the applicable governing statute. Second, the United States asserts that the "Salyer Daughters are actually three steps removed from having standing because they claim only to be beneficiaries of a trust that owns MPF". (*See* Motion to Dismiss, PACER No 571-1 pg. 10,; lines 7-8). This is a misrepresentation of the facts as alleged. The Petitioners alleged both an ownership interest in MPF individually as well as through their trusts. (*See*

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

931625.1
-5-
OPPOSITION TO UNITED STATES' RESPONSE TO ANCILLARY PETITIONS AND MOTION TO DISMISS

Petition, PACER No. 534, pg. 3, lines 20-26).

As required to establish standing for the pleading stage, Petitioners have asserted an interest and a financial stake in a portion of the Forfeited Funds. Petitioners allege the Wastewater Monies ($1.315 million) were paid by the Bankruptcy Trustee to SSC Farms II, LLC. The Wastewater Monies were transferred to an account controlled by Collins & Associates who then transferred $1.2 million to Volksbank. Petitioners believe they have a right to $1.2 million of the Forfeited Funds as those monies belonged to entities they in turn own. Specifically, Petitioners allege that they and their respective trusts own Monterey Peninsula Farming, LLC which in turn owns SSC Farms, II. Although corporate layers exist, Petitioners are the ultimate owners of the Wastewater Monies. As a result, Petitioners have a legal interest and financial stake in $1.2 million of the Forfeited Funds. Petitioners have alleged sufficient facts that demonstrate the elements of standing and the United States' Motion to Dismiss should be denied.

**B.   The United States' Motion to Dismiss for Failure to State a Claim Should be Denied.**

Courts have found that there is a strong presumption against dismissing an action for failure to state a claim. (*See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997)).

**1.   Petitioners Allege Sufficient Facts to Track the Wastewater Monies to The Forfeited Funds.**

The United States attacks the Petition on the grounds that Petitioners do not allege facts supporting the transfer of funds. To the contrary, the Petition alleges facts supporting each step of the timeline. The Petition specifically alleges the following facts:

1.   The Bankruptcy Court issued an Order that provided that the Wastewater Affiliates were entitled to $1,315,000;

2.   The Bankruptcy Trustee paid the Wastewater Affiliates $1,315,000 in July 2009 as evidenced by the Trustee's Monthly Operating Report;

3.   The Wastewater Monies were deposited into one of the Wastewater Affiliates' accounts—namely SSC Farms, II LLC at Mechanics Bank;

4.   The Wastewater Monies were taken by Collins & Associates and deposited into its account at First Republic Bank;

5.      Collins & Associates transferred $1.2 million of the Wastewater Monies from its First Republic Bank to Volksbank; and

6.      The Wastewater Monies were then transferred from Volksbank to the Credit Andorra Account.

There is no missing link. Petitioners alleged that each one of these steps occurred and requested a discovery period to provide sufficient documentary evidence of such transfers. Petitioners have stated a valid claim and the United States' Motion should be denied.

### 2.    **Petitioners Allege Sufficient Facts to Demonstrate that their Interest are Superior to all others.**

The United States complains that the Petitioners fail to state that their interests were superior to Scott Salyer. Once again, the United States is raising another red herring. First, the Petition seeks adjudication of Stefanie Gallegly and Caroline Salyer's interests and asserts that their interests are prior, paramount and superior to any other party. (*See* Petition, PACER No. 534 pg 4, lines 13-15; pg 6, lines 21-22).

Second, the United States completely misconstrues a material point in the Petition. The Petitioners never alleged that Scott Salyer or one of *his* entities was ever entitled to the Wastewater Monies. To the contrary, the Petitioners alleged that they as the ultimate owners of the Wastewater Affiliates, along with their trusts, are entitled to the monies. The United States takes a quote from the Bankruptcy Trustee's Monthly Operating Report that said "Pmts to Salyer Owned Affiliate- waste water pmts" completely out of context and attempts to use it against the Petitioners. The Trustee's characterization of the ownership of the Wastewater Affiliates is not at issue. Petitioners clearly alleged ownership of the Wastewater Affiliates through their company MPF. The Trustee's report supports the Petitioners' allegation that the Bankruptcy Trustee did in fact pay the $1.315 million to the Wastewater Affiliates. The Petitioners never alleged nor claimed that Scott Salyer ever had any right, title or interest to these monies.

Third, to the extent the United States claims the Petition fails to allege that the transfer of Forfeited Funds overseas was done without Petitioners authorization, the Petition explains that Petitioners have only been on the periphery of the bankruptcy cases and related litigation until

recently, and it was only after receiving notice of this forfeiture action that they learned they are entitled to a portion of the Forfeited Funds. (*See* Petition, PACER No. 534, pg. 1, lines 24-28). Petitioners also allege that Collins & Associates transferred the Wastewater monies between accounts and then overseas. (*See* Petition, PACER No. 534, pg. 3, lines 11-15). Given that Petitioners were not aware of these activities until these proceedings, they necessarily could not have authorized this transfer. They now petition for the return of those monies.

In conclusion, the Petitioners allege sufficient facts that $1.2 million of the Forfeited Funds ultimately belong to them. Petitioners request the United States Motion to Dismiss be denied.

### C. Petitioners Should be Granted the Opportunity to Conduct Discovery.

Petitioners believe, at this early pleading stage, their allegations are sufficient to establish the elements of standing and state a claim for relief in this forfeiture action. Petitioners acknowledge that they will ultimately have the burden to prove by a preponderance of the evidence that they have standing and are the proper party to receive a portion of the Forfeited Funds. Petitioners would like the opportunity to conduct discovery. Notably, only Petitioners requested discovery pursuant to Federal Rule of Criminal Procedure 32.2(c) within their Petition. (*See* Petition, PACER No. 534, page 6). Petitioners understand that the United States and petitioner Bank of Montreal have agreed to a discovery period. (*See* Motion for Discovery, PACER No. 572). Petitioners request the Court grant their request to also conduct discovery and they will agree to do so within the same time period as the United States and Bank of Montreal.

## IV.
## CONCLUSION

Stefanie Gallegly and Caroline Salyer hereby respectfully request that the United States' Motion to Dismiss be denied. Petitioners alleged sufficient facts to establish constitutional and statutory standing for the pleading stage of this forfeiture action. Petitioners have also alleged facts sufficient to state a claim. For the foregoing reasons, Petitioners request the Court deny the United States' Motion to Dismiss and grant Petitioners' request to conduct discovery.

///

///

| | |
|---|---|
| DATED:  March 26, 2013 | WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP |
| | By: _____<br>MEGAN A. LEWIS<br>Attorneys for Stefanie Gallegly and Caroline Salyer, individually and as Beneficiaries of the SAS 1999 Trust and CGS 1999 Trust |

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

931625.1

-9-

OPPOSITION TO UNITED STATES' RESPONSE TO ANCILLARY PETITIONS AND MOTION TO DISMISS