IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-0061 LKK |
| Plaintiff, | |
| v. | ORDER EXONERATING PROPERTY BOND AND DIRECTING RECONVEYANCE OF REAL PROPERTY |
| FREDERICK S. SALYER, | |
| Defendant. | |

Defendant Frederick S. Salyer, having surrendered to the Bureau of Prisons to serve his sentence as ordered, has moved this court for an order exonerating the bond posted to secure his release. (Dkt. No. 598.)[1] Specifically, defendant Salyer seeks an order: (1) exonerating the personal Appearance Bond which he executed in this action; (2) directing the return of the $300,000 in cash posted to partially secure that Appearance Bond; (3) directing the return to himself or his attorneys of his passport and

---

[1] On April 1, 2013, the assigned District Judge referred this matter to the undersigned with respect to the issue of restitution only for the issuance of findings and recommendation. (Dkt. No. 589.) On April 19, 2013, the assigned District Judge issued an order clarifying the referral to include the defendant's motion to exonerate bond to the extent it raised issues related to the government's request for a restitution order as part of the defendant's sentence. (Dkt. No. 604.) As explained below, however, the defendant's motion to exonerate bond relates to the referred issue of restitution only to the extent that various parties are seeking the $300,000 cash posted with the court to secure the Appearance Bond. The motion to exonerate is otherwise unopposed and will be addressed by the undersigned appropriately by way of this order. See Local Rule 302(b)(7); see also 28 U.S.C. 636(b)(1)(A).

1

1  Federal Aviation Commercial Pilot Proficiency Card which were deposited with the Clerk of the Court;
2  and (4) directing the Clerk of the Court to reconvey the six properties (see Dkt. Nos. 221-224, 226-27)
3  which were also posted as collateral for the Appearance Bond.  (Dkt. No. 598.)
4        Shortly after defendant filed his motion to exonerate bond, counsel on behalf of the Bank
5  of Montreal filed a motion for turnover of property subject to Judgment Creditor's Lien seeking an order
6  requiring that the $300,000 in cash posted to secure the defendant's release be delivered by the court to
7  the Bank of Montreal pursuant to its lien.  (Dkt. No. 600.)  The Bank of Montreal also filed an
8  opposition to defendant's motion to exonerate bond.  (Dkt. No. 602.)  On April 22, 2013, counsel for the
9  government filed opposition to the motion to exonerate bond as well as a motion seeking an order
10 directing payment of the $300,000 cash securing the Appearance Bond to the United States Attorney to
11 be applied to payment of any restitution imposed.  (Dkt. Nos. 607 & 608.)
12       At the Status Conference held on June 5, 2013, with respect to all matters referred to the
13 undersigned, counsel for movant Bank of Montreal and Assistant United States Attorney Matthew D.
14 Segal on behalf of the United States both stated on the record their non-opposition to defendant's motion
15 to exonerate bond in all respects except to the extent that the defendant's motion sought the return of the
16 $300,000 cash posted to secure the Appearance Bond.  (Dkt. No. 629 at 6-7, 13.)  Moreover, neither the
17 government nor any other party appearing before the court has stated any opposition to the order
18 requested by the defendant exonerating the personal Appearance Bond which he executed, directing the
19 return of his passport and Federal Aviation Commercial Pilot Proficiency Card which were deposited
20 with the Clerk of the Court and directing the Clerk of the Court to reconvey the six properties which
21 were posted by individuals as collateral for the Appearance Bond.
22 /////
23 /////
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that defendant Salyer's motion to exonerate bond (Dkt. No. 598) is granted in part[2] as follows:

    1.  The Appearance Bond filed September 3, 2010 (Dkt. No. 208) is exonerated;

    2.  The Clerk of the Court is directed to return defendant Salyer's passport and Federal Aviation Commercial Pilot Proficiency Card to the defendant or his attorneys; and

    3.  The Clerk of the Court is directed to reconvey the real property posted as collateral for the Appearance Bond (see Dkt. Nos. 221-224, 226-227) to the property owners and transmit quit claim deeds to the appropriate County Clerks for recording.

DATED: August 6, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1.crim
salyer10cr0061.exoneratebond.wpd

---

[2] In separate findings and recommendation the undersigned will address the remaining aspect of defendant's motion to exonerate bond involving the $300,000 cash posted to secure his pretrial release. The court's dispersal of those funds is the subject of a dispute now involving several parties appearing before the court and is, as the assigned District Judge noted, related to the referred issue of restitution at least as far as the government is concerned. Finally, yet another set of findings and recommendations will issue with respect to the actual restitution issue referred to the undersigned following the completion of an extended briefing schedule at the end of November 2013.