UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK S. SALYER,<br><br>Defendant. | No. 2:10-cr-0061 LKK DAD<br><br><br><br>ORDER |

Pending before the court is defendant Salyer's November 12, 2013, request to seal documents. (Dkt. No. 645.) Defendant has provided plaintiff with copies of the documents defendant seeks to be sealed, as well as a copy of defendant's request to seal. (Dkt. No. 645 at 2.) Plaintiff has not filed any opposition or objection to defendant's request.

There is a presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. See In re Midland Nat'l Life Ins. Co., 686 F.3d 1115 (9th Cir. 2012); Kamakana, 447 F.3d at 1172; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Phillips, 307 F.3d 1206. To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing

1

so. Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." Id. at 1181 (internal citations, quotation marks, and emphasis omitted). "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1182 (internal citation, quotation marks, and emphasis omitted). See also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010), cert. denied Sub nom. Experian Info. Solutions, Inc. v. Pintos, ___ U.S. ___, 131 S. Ct. 900 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely a good cause standard in addressing documents filed in connection with summary judgment motions). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id.

       On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show only "good cause" for the requested sealing. Kamakana, 447 F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing Foltz, 331 F.3d at 1138)). The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad

power of the district court to fashion protective orders." Phillips, 307 F.3d at 1213 (addressing an intervenor's request to access confidential settlement information produced during discovery under a protective order). See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing the parties' interest in keeping discovery documents under seal in light of the public's lesser interest in nondispositive motions); Kamakana, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1210-11 (citations omitted).

Here, the documents defendant seeks to file under seal are submitted in connection with a nondispositive motion and in support of his supplemental brief concerning whether a restitution order is appropriate in this criminal case. Therefore, the court considers whether defendant has shown good cause for sealing the documents at issue. Foltz, 331 F.3d at 1135. Upon consideration of defendant's arguments and having reviewed the documents sought to be filed under seal, the court finds that the defendant has shown that good cause exists for filing Exhibits C, D, F and G to the Declaration of Jo. W. Golub in support of defendant's responsive brief regarding restitution under seal. These documents contain confidential information of third parties obtained during the discovery phase of this criminal action.

Defendant has not, however, shown good cause for the filing of defendant's request to seal itself under seal. That request to seal itself is, for the most part, a standard legal brief devoid of confidential information. The filing does, however, contain reference to the identity of a third party which does raise a legitimate confidentiality concern. Accordingly, the court will order defendant to file on the court's public docket a redacted version of his request to seal, redacting reference to the identity of the third party from the publicly filed document. The court will also order that the un-redacted copy of defendant's request to seal be filed under seal.

/////

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to seal is granted;

2. The Clerk of the Court shall file under seal defendant's request to seal and Exhibits C, D, F and G to the Declaration of Jo. W. Golub in support of defendant's responsive brief regarding restitution; and

3. Within fourteen days of the date of this order defendant shall file on the court's public docket a redacted version of his request to seal.

Dated: January 28, 2014

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.criminal\salyer10cr0061.sealing.ord2