UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-0061 LKK DAD |
| Plaintiff, | |
| v. | ORDER |
| FREDERICK S. SALYER, | |
| Defendant. | |

On January 28, 2014, the undersigned denied a request to seal documents filed by The Morning Star Packing Company, L.P. and Liberty Packing Company, LLC's, (collectively "Morning Star") without prejudice to renewal of that motion after finding that Morning Star had failed to adequately address and support its specific request that access to the documents filed under seal in this criminal action be limited only to counsel for the government and counsel for the defendant. (Dkt. No. 650.) In doing so, the court also noted that Morning Star had elected not to serve a copy of its request to seal or a copy of the documents sought to be filed under seal upon the parties in this criminal action matter.

Pending before the court now is a renewed request to seal documents (Dkt. No. 656) filed on February 10, 2014, by Morning Star. Morning Star has now served a copy of its renewed request to seal documents, a supporting declaration and a proposed order on counsel for the parties in this action. (Id. at 2.) No objection to Morning Star's request for sealing has been filed.

1

There is a presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. See In re Midland Nat'l Life Ins. Co., 686 F.3d 1115, 1119 (9th Cir. 2012); Kamakana, 447 F.3d at 1172; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003); Phillips, 307 F.3d at 1213. To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing so. Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." Id. at 1181 (internal citations, quotation marks, and emphasis omitted). "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1182 (internal citation, quotation marks, and emphasis omitted). See also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010), cert. denied Sub nom. Experian Info. Solutions, Inc. v. Pintos, ___ U.S. ___, 131 S. Ct. 900 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely a good cause standard in addressing documents filed in connection with summary judgment motions). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id.

/////

1   On the other hand, parties seeking to file documents under seal in connection with a
2   nondispositive motion need only show "good cause" for the requested sealing.  Kamakana, 447
3   F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under
4   Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery
5   documents attached to non-dispositive motions.") (citing Foltz, 331 F.3d at 1138).  The
6   presumption of public access is rebutted by a showing of good cause because "of the weaker
7   public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong
8   presumption of access to documents a court has already decided should be shielded from the
9   public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad
10  power of the district court to fashion protective orders."  Phillips, 307 F.3d at 1213 (addressing an
11  intervenor's request to access confidential settlement information produced during discovery
12  under a protective order).  See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing
13  the parties' interest in keeping discovery documents under seal in light of the public's lesser
14  interest in nondispositive motions); Kamakana, 447 F.3d at 1180.  "For good cause to exist, the
15  party seeking protection bears the burden of showing specific prejudice or harm will result . . . .
16  If a court finds particularized harm will result from disclosure of information to the public, then it
17  balances the public and private interests to decide whether a protective order is necessary."
18  Phillips, 307 F.3d at 1210-11 (citations omitted).

19  Here, the documents Morning Star seeks to file under seal are submitted in connection
20  with a nondispositive motion and in support of a supplemental brief addressing whether a
21  restitution order should be entered in this criminal case.  Therefore, the court considers only
22  whether Morning Star has shown good cause for sealing the documents at issue.  Foltz, 331 F.3d
23  at 1135.

24  Upon consideration of Morning Star's arguments and having reviewed in camera the
25  documents sought to be filed under seal, the court finds that Morning Star has shown that good
26  cause does exist for filing the declaration of Chris Rufer and the exhibits in support of that
27  declaration under seal, since those documents contain Morning Star's confidential corporate
28  information.  Moreover, Morning Star has shown good cause for restricting access to those

documents to counsel of record for the government and counsel of record for defendant Salyer only.  Finally, no party to this action, including defendant Salyer or counsel on his behalf, has objected to that request.

Accordingly, IT IS HEREBY ORDERED that:

1. Morning Star's February 10, 2014 renewed request to seal (Dkt. No. 656) is granted;

2. The Clerk of the Court shall file under seal the declaration of Chris Rufer and the exhibits in support of that declaration; and

3. Access to the declaration of Chris Rufer and the exhibits in support of that declaration shall be restricted to counsel of record for the government and counsel of record for defendant Salyer only.

Dated:  March 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.criminal\salyer10cr0061.sealing.ord3