BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br>        v.<br>FREDERICK SCOTT SALYER,<br>              Defendant.<br><br>BANK OF MONTREAL, AS ADMINISTRATIVE AGENT,<br>              Petitioner. | 2:10-CR-0061-LKK<br><br>**STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON** |

   IT IS HEREBY STIPULATED by and between the United States of America and petitioner Bank of Montreal, as Administrative Agent ("*BMO*" and together with the United States, the "*Parties*"), to compromise and settle their respective interests in the following property, and to stipulate and consent to the entry of a Final Order of Forfeiture as to the following funds ("*Funds*") pursuant to 18 U.S.C. § 1963(a), (b):

   a.   All funds ever at Volksbank in Lichtenstein (Acct. No. 10-502063-0 100) and Credit Andorra in Andorra (IBAN No. AD41 0003 0012 0000 0095 B200), including $3,250,000 transferred from Volksbank to Credit Andorra on or about January 5, 2010.

   This Stipulation for Final Order of Forfeiture is entered into between the Parties pursuant to the following terms:

1. Defendant Frederick Scott Salyer pleaded guilty to two federal crimes on September 27, 2012. As part of his guilty plea, the defendant agreed to forfeit his right, title, and interest in the Funds. The Court entered a Preliminary Order of Forfeiture on September 27, 2012 (the "*Preliminary Order*") (Docket No. 502), forfeiting the defendant's interest in the Funds.

2. Beginning on November 9, 2012, for at least thirty (30) consecutive days, the United States published notice of the Preliminary Order on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the Property. A Declaration of Publication with filed with the Court on December 13, 2012 (Docket No. 523).

3. On November 30, 2102, BMO filed a petition for hearing to adjudicate the validity of its claimed interest in the Property (the "*BMO Petition*") (Docket No. 518). In the BMO Petition, BMO asserted a superior interest in the Funds on grounds that it held a constructive trust over the funds as a result of Salyer's fraudulent transfer of the Funds to Credit Andorra in violation of BMO's valid and perfected security interest in the Property. As a result, the BMO Petition sought amendment of the Preliminary Order to reflect BMO's interest in and right to the Funds.

4. On January 7, 2013, Robert Pruett, Trustee of the SAS 1999 Trust and CGS 1999 Trust ("*Pruett*") filed a petition for hearing to adjudicate the validity of his claimed interest in the Funds (the "*Pruett Petition*") (Docket No. 539).

5. On January 7, 2013, Stefanie Gallegly and Caroline Salyer, individually and as beneficiaries of the SAS 1999 Trust and CGS 1999 Trust (collectively, the "*Trust Beneficiaries*") filed a petition for hearing to adjudicate the validity of their claimed interest in the Funds (the "*Trust Beneficiaries Petition*") (Docket No. 534).

6. On May 14, 2014, Pruett filed a notice of withdrawal of the Pruett Petition (Docket No. 666).

7. On May 15, 2014, the Trust Beneficiaries filed a notice of withdrawal of the Trust Beneficiaries Petition (Docket No. 667).

8. On May 21, 2014, the United States filed a statement of non-opposition to the BMO Petition (Docket No. 668), agreeing that the Preliminary Order should be amended to reflect BMO's interest in the Funds.

9. The Preliminary Order remains valid to the extent it orders the forfeiture of Defendant Frederick Scott Salyer's interest, if any, in the Funds.

10. The Parties stipulate and agree that BMO has a superior legal right, title, and interest to the Funds, and that such right, title, and interest to the Funds requires the Court to amend the Preliminary Order pursuant to Fed. R. Crim. P. 32.2(c)(2) to reflect BMO's interest in the Funds.

11. The terms of this Stipulation shall be subject to approval of the Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

12. The Court shall maintain jurisdiction over this matter to enforce the terms of this Stipulation.

Dated: June 12, 2014  BENJAMIN B. WAGNER
United States Attorney

*s/Kevin C. Khasigian*
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: June 12, 2014  CHAPMAN AND CUTLER LLP

*s/Todd J. Dressel*
TODD J. DRESSEL
Attorneys for Bank of Montreal, as
Administrative Agent

- 3 -  STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the Parties, and good cause appearing therefrom, the Stipulation is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the Stipulation.

IT IS SO ORDERED.

Dated:  June 13, 2014

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT